# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JEREMY D. BRINK** ) <br> 6100 Suffolk Ln. ) <br> Maumee, OH 43537 ) <br> ) <br> and, ) <br> ) <br> **AMERICA G. BRINK** ) <br> 6100 Suffolk Ln. ) <br> Maumee, OH 43537 ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA** ) <br> U.S. Department of Justice-Tax Division ) <br> P.O. Box 55 ) <br> Benjamin Franklin Station ) <br> Washington, DC 20044 ) <br> ) <br>     Defendant. ) <br> ) | CASE NO.: <br><br> **JUDGE** <br><br> **COMPLAINT** <br><br> Mark M. Mockensturm (0061652) <br> Brandon Rehkopf (0089374) <br> Blanca N. Wheeler (0095504) <br> Kevin C. Urtz (0096100) <br> MOCKENSTURM, LTD. <br> 1119 Adams Street <br> Toledo, OH 43604 <br> Phone: (419) 724-3499 <br> Fax: (419) 724-3495 <br> kevin@mockltd.com <br><br> *Counsel for Plaintiffs* <br> *Jeremy & America Brink* |

Now come Plaintiffs, Jeremy and America Brink, by and through their undersigned counsel, who hereby petition this Court for a return of monies erroneously and illegally collected by the Internal Revenue Service, and as the basis for Plaintiffs' Complaint allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are individuals whose tax mailing address is 6100 Suffolk Ln., Maumee, OH 43537. Plaintiff Jeremy Brink's taxpayer identification number is xxx-xx-8138. The returns for the periods here involved were filed with the Internal Revenue Service at Cincinnati, Ohio.

2. This action is one to recover a tax erroneously and illegally assessed and collected without authority [or "wrongfully collected"] under the Internal Revenue Laws of the United States,

pursuant to authority conferred to sue by Section 1346(a)(1) of Title 28 of the United States Code Service.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346(a)(1).

## STATEMENT OF FACTS

4. Plaintiff, Jeremy Brink, was a member of the United States Navy for over thirteen years.

5. On or about February 11, 2018, Mr. Brink's service for the Navy ended and he received separation pay in the amount of $107,191.44.

6. A total of $32,064.73 was withheld from Mr. Brink's separation pay, making the net separation pay received $75,126.71.

7. This amount is reflected in the DOS + 20 Day Review/Separation Worksheet and is further supported by Mr. Brink's bank statement from March 2018, which shows a deposit in that amount on 3/6/2018. A copy of the DOS + 20 Day Review/Separation Worksheet and the March 2018 bank statement are attached hereto as **Exhibit "A"**.

8. Mr. Brink's Employer, however, issued an incorrect W-2 showing that only $15,759.11 had been withheld for federal income tax. A copy of the incorrect W-2 is attached hereto as **Exhibit "B"**.

9. Mr. Brink attempted to contact his employer on multiple occasions to have them correct the W-2, but his attempts were unsuccessful.

10. Because his employer refused to issue a corrected W-2, Mr. Brink, with the assistance of H&R Block, filed his 2018 tax return using the documentation available to him, which supported the actual payment that he received.

11. Plaintiffs filed their 2018 tax return on October 14, 2019.

12. Based on their 2018 return, Plaintiffs received a credit in the amount of $2,092 and a refund in the amount of $13,100.

13. On December 28, 2020, the IRS sent Plaintiffs a Notice CP2000, proposing changes to their 2018 return and imposing $15,087 in additional tax owed. A copy of that Notice is attached hereto as **Exhibit "C"**.

14. Less than thirty days later, on January 20, 2021, Plaintiffs sent a written response to the IRS, stating that they disagreed with the proposed changes to their return and attaching supporting documentation, including the DOS + 20 Day Review/Separation Worksheet and bank statement dated 3/06/2018. A copy of Plaintiffs' 1/20/21 Letter is attached hereto as **Exhibit "D"**.

15. On June 7, 2021, the IRS sent a Notice to Plaintiffs indicating that it had received their 1/20/21 response, and requesting that Plaintiffs complete Form 2624 to allow the IRS to contact Mr. Brink's employer regarding the incorrect W-2. A copy of that Notice is attached hereto as **Exhibit "E"**.

16. Plaintiffs returned Form 2624 to the IRS on June 20, 2021.

17. On July 16, 2021, the IRS sent another Notice to Plaintiffs, indicating that it had received the Form 2624, but that it did not contact Mr. Brink's employer. The IRS further indicated that it was charging Plaintiffs the additional tax. A copy of the 7/16/21 IRS Notice is attached as **Exhibit "F".**

18. While the IRS notice of 7/16/21 indicated that the IRS was assessing Plaintiffs the additional tax (which Plaintiffs were actively disputing), it contained no notice to Plaintiffs of appeal rights.

19. On July 22, 2021, Plaintiffs again sent the IRS a written response stating that they disagreed with the proposed changes to their return, and they provided yet more evidence that the W-2 issued by Mr. Brink's employer was incorrect. A copy of the 7/22/21 Letter from Plaintiffs is attached hereto as **Exhibit "G"**.

20. On August 2, 2021, the IRS sent Plaintiffs a Notice that they owed $15,474.10 by August 23, 2021. A copy of the 8/2/2021 Letter is attached hereto as **Exhibit "H"**.

21. On December 13, 2021, and again on March 9, 2022 and June 8, 2022, the IRS sent Plaintiffs a Notice confirming that it had received their reply on July 27, 2021, but required additional time to complete a review. Copies of the foregoing Notices are attached hereto as **Exhibits "I", "J", and "K"**, respectively.

22. In order to keep this matter out of collections, and because the IRS and Mr. Brink's employer failed to timely resolve this issue, Plaintiffs were forced to enter into an installment plan and pay the additional tax that the IRS alleged to be owed.

23. Further, Plaintiffs have had their federal tax refunds withheld and applied to this erroneous tax assessed against them.

24. On July 6, 2022, nearly one year after Plaintiffs sent their letter objecting to the additional tax assessed against them, the IRS sent a letter to Plaintiffs simply stating that it could not make a determination because Plaintiffs records were incomplete. 7/6/22 IRS letter attached hereto as **Exhibit "L".**

25. Again, this letter contained no notice to Plaintiffs of their right to appeal this erroneous assessment.

26. On July 13, 2022, Plaintiffs, through counsel, sent a response to the IRS stating that numerous attempts have been made to contact Mr. Brink's employer, without success, and

4

that Plaintiffs have provided sufficient information for the IRS to make a determination. A copy of the 7/13/22 Letter is attached hereto as **Exhibit "M".**

27. Plaintiffs further requested that if the IRS disagreed with Plaintiffs' documentation, then it must make a decision and allow Plaintiffs to appeal or file a Tax Court petition.

28. The IRS' refusal to make a decision, despite the substantial information and documentation provided by Plaintiffs, has deprived Plaintiffs of the ability to have this erroneous assessment addressed through an internal appeal process or the U.S. Tax Court.

29. Plaintiffs have requested a refund of the $15,087, but their claim was disallowed.

30. In this situation, while the IRS has refused to formally deny Plaintiffs' claim, Plaintiffs timely clearly presented an informal claim for a refund.

31. It has long been recognized that all that is required to establish this Court's jurisdiction is a timely informal claim for a refund. *Mobil Corp. v. United States*, 67 Fed. Cl. 708, 716 (2005).

32. Here, considering the foregoing, the IRS was on actual notice that Plaintiffs were asserting a right to a refund for a specific year, Plaintiffs described the legal and factual basis for the refund, and their claim was presented in writing on multiple occasions.

33. The liability as determined by Defendant is for income taxes for the tax period ended December 31, 2018, in the amount of $15,087, of which the entire amount is in dispute.

34. The determination of the tax is based on the following errors:

    a. Plaintiff, Jeremy Brink, received total separation pay of $107,191.44 in February of 2018.

    b. $32,064.73 was withheld from Mr. Brink's separation pay, making the net separation pay received $75,126.71.

    c. Mr. Brink's employer issued an incorrect W-2 showing that only $15,759.11 had been withheld from his separation pay for federal income tax.

    d. Plaintiffs made numerous attempts to contact his employer, without success.

    e. Mr. Brink's employer has refused to correct the W-2 and the IRS has refused to contact Mr. Brink's employer despite requesting, and receiving Form 2624 from Plaintiffs.

    f. The IRS has now assessed $15,087 in additional tax against Plaintiffs, while failing to contact Mr. Brink's employer about the incorrect W-2, issue a decision allowing Plaintiffs to appeal or file a Tax Court Petition, or take any other reasonable effort to timely resolve this obvious error.

WHEREFORE, Plaintiffs requests the following relief from this Court:

    A. For judgment for return of the $15,087, including interest and penalties, assessed against and/or paid by Plaintiffs and erroneously and illegally collected by the IRS;

    B. For their costs herein, including reasonable attorney fees, interest, and any other relief this Court deems just and appropriate.

Respectfully submitted,

*/s/ Kevin C. Urtz*
Mark M. Mockensturm (0061652)
Brandon Rehkopf (0089374)
Blanca N. Wheeler (0095504)
Kevin C. Urtz (0096100)
MOCKENSTURM, LTD.
1119 Adams Street
Toledo, OH 43604
Phone: (419) 724-3499
Fax: (419) 724-3495
kevin@mockltd.com

*Counsel for Plaintiffs,*
*Jeremy and America Brink*

6