IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JEREMY D. BRINK, et al.,** | CASE NO. 3:22 CV 2031 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Currently pending in this suit for a federal tax refund are Defendant's Motion for Summary Judgment (Doc. 11) and Plaintiffs' competing Motion for Summary Judgment (Doc. 14). Both motions are fully briefed and ripe for decision. For the following reasons, the Court grants Defendant's Motion and denies Plaintiffs' Motion.

## BACKGROUND

Plaintiff Jeremy Brink served in the United States Navy for more than thirteen years. (Doc. 14-1, Brink Affidavit, at 1). He retired from the Navy in February 2018. *Id.* Upon his retirement, the Defense Finance Accounting Service ("DFAS") determined that as of March 2018, Brink was entitled to gross separation pay of $107,191.44. *Id.*; Doc. 1-2, Navy Federal Credit Union Statement, at 2. Brink received a deposit of $75,126.71 in net separation pay; $32,064.73 of the gross amount was withheld. (Doc. 1-2, at 1). $26,825.95 of the withheld amount was labeled as federal income tax withholding on the credit union statement. *Id.* at 3.

According to the IRS official transcript of Plaintiffs' 2018 tax return debits and credits, the initial tax assessed to Plaintiffs was $21,374. (Doc. 11-4, 2018 Certified Transcript, at 2). The IRS

initially credited $32,382 in total withholding and $2,092 in a refundable credit. *Id.*[1] The IRS transcript states it issued a refund to Plaintiffs of $13,100. *Id.*[2] This is a correct calculation of the withholding figure and refundable credit less the tax assessed.[3]

Plaintiffs filed a 2018 tax return which labeled $27,945 of the total withholding on the separation pay as federal income tax withholding. (Doc. 11-7, 2018 Tax Return, at 31).

In June 2018, before DFAS remitted the withheld amount to the IRS, DFAS re-determined Brink was only entitled to gross separation pay of $67,416. (Doc. 11-1, DFAS Debt and Claims Management Office Affidavit, at 3). DFAS sent a notice to Brink stating that, after withholding, he was only entitled to net separation pay of $48,019.65. *Id.* at 4. DFAS therefore posted a debt owed to it by Brink in the amount of $27,107.08. *Id.* at 3.[4] At this point, DFAS states it remitted $15,759.11 to the IRS. *Id.* at 4. The Form W-2 for 2018 provided to Brink by DFAS reported $15,759.11 as the federal income tax amount withheld from Brink's separation pay. *Id.*; Doc. 1-3, 2018 Form W-2, at 1.

The IRS' "Automated Underreporting" system flagged Plaintiffs' return for review because of the discrepancy between the self-reported withholding in Plaintiffs' tax return as filed

---

1. Brink self-reported these total tax liability and total tax withholding figures on Plaintiffs' 2018 tax return. (Doc. 11-7, at 2). The refundable credit figure appears to be excess Social Security tax withheld as self-reported by Plaintiffs. *Id.* at 7.

2. Plaintiffs admit they received this refund in the facts section of their Motion for Summary Judgment. (Doc. 14, at 4). They do not mention receipt of this refund in their argument.

3. Counsel for the IRS states in an affidavit that when it issued Plaintiffs' refund it "credited their account in the amount of $15,192." (Doc. 11-1, IRS Counsel Affidavit, at 5). The affidavit cites the transcript for this fact. IRS Counsel appears to have added the refundable credit of $2,092 to the refund issued of $13,100 to get this figure. *See* Doc. 11-4.

4. The Court notes that, by its own math, this figure is off by two cents: $75,126.71 less $48,019.65 is $27,107.06.

and the withholding listed on the DFAS-issued Form W-2 after the separation pay adjustment. (Doc. 11-2, IRS Counsel Affidavit, at 5). It therefore sent a CP2000 Notice of Proposed Deficiency to Plaintiffs in December 2020. (Doc. 11-6). The IRS relied on the Form W-2 issued by DFAS, and in the proposed deficiency notice, it stated only $15,759 had been reported withheld as federal income tax, rather than the $27,945 reported as withheld for federal income tax by Plaintiffs. *Id.* at 3. The corrected total withholding on the deficiency notice was $20,196, compared to the original return's listed $32,382. *Id.* The difference between these two figures was $12,186. *Id.* Additionally, the proposed notice stated no excess Social Security tax had been withheld from the separation pay, rather than Plaintiffs' self-reported $2,092. *Id.*[5]

The certified transcript reflects that this $14,278 total in withholding was reversed by the IRS. (Doc. 11-4, at 2). According to the IRS, at this point, Plaintiffs owed no new tax, but owed the $14,278 of withholding reversed and $809 in interest, creating a proposed total liability of $15,087. (Doc. 11-6, at 1).

In 2019, DFAS re-determined Brink's separation pay again – back to the gross $107,191.44 to which it had originally decided Brink was entitled. (Doc. 11-1, at 5). DFAS cancelled the $27,107.08 debt it had assessed Brink. *Id.* DFAS refunded to Brink the $1,422.56 he had already paid toward the debt. *Id.* DFAS also "determined that $12,668.36 was due to Mr. Brink, which after deductions for taxes resulted in a $9,437.93 net payment made to him in June 2019." *Id.* DFAS does not state how it determined this figure or the deductions from it. Defendant states in its Motion for Summary Judgment that this was a refund of the amount withheld for federal income

---

5. The DFAS-issued Form W-2 which purportedly triggered the IRS Automated Underreporting system and the deficiency notice, however, states $724.50 in excess Social Security tax had been withheld. (Doc. 1-3, at 1).

3

tax but never remitted to the IRS, but the affidavit it cites does not state such facts explicitly. *Compare* Doc. 11, at 8, *with* Doc. 11-1, at 5.

The $809 in interest proposed in the deficiency letter was never posted. The IRS record reflects that in August 2021, it assessed $1,031.18 in interest and a $164.92 penalty for failure to pay. (Doc. 11-4, at 2). The IRS then abated the interest by $25.80 and the penalty by $23.56. *Id.* at 2-3. The interest and penalty less abatements would have left Plaintiffs now owing $15,424.74.

Listed after the interest and penalty assessment in the record, but dated as April 2021, the official record states it applied an "overpaid credit" of $3,927. *Id.* at 2. In November 2021, the record reflects Plaintiffs entered into an installment agreement with the IRS. *Id.* at 3. From December 2021 to April 2023, Plaintiffs made sixteen payments of $160. *Id.* at 3-5. During this period, the IRS also applied another "overpaid credit" of $2,017 and one "subsequent payment" of $7,605.70. *Id.* In April 2023, the IRS assessed additional interest of $684.96. *Id.* at 5.

These figures mean that, altogether, after reversal of the $14,278 of withholding due to the DFAS error and including interest and penalties, Plaintiffs owed the IRS $16,109.70 and paid the IRS exactly $16,109.70. Before the withholding reversal, Plaintiff had received the $13,100 refund from the IRS. *Id.* at 2. After DFAS corrected Brink's separation pay back to the original amount, Plaintiffs received $9,437.93, purportedly the unremitted withholding amount less tax. From these two payments, Plaintiffs received a total of $22,537.93.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

4

*Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

## DISCUSSION

In their Complaint, Plaintiffs sought "judgment for the return of the $15,087, including interest and penalties, assessed against and/or paid by Plaintiffs and erroneously and illegally collected by the IRS." (Doc. 1, at 6). This figure was presumably based on the figure listed in the deficiency notice. *See* Doc. 11-6. After the filing of Defendant's Motion for Summary Judgment and the evidence attached thereto, Plaintiffs revised this figure to the $16,109.70 they actually paid. (Doc. 14, at 9). This figure was presumably based on the certified transcript provided by the IRS. *See* Doc. 11-4.

In its Motion for Summary Judgment, Defendant argues the IRS properly relied on the DFAS-issued Form W-2 and that, "[i]n the end, Plaintiffs simply reported what they owed and paid that amount to the IRS – no more, no less." (Doc. 11, at 5). In their competing Motion for

5

Summary Judgment, Plaintiffs argue the evidence presented by Defendant shows Plaintiffs "are entitled to a refund of the entire $16,109.70 that they have been forced to pay . . . due to Mr. Brink's employer's failure to properly pay to the IRS wages that were withheld from Mr. Brink's final separation pay." (Doc. 14, at 3).

As Defendant notes in its Motion, "[i]t is undisputed that DFAS originally deducted $26,825.95 from Mr. Brink's separation pay for purposes of federal income tax withholding, but it is also undisputed that the IRS only received $15,759 from DFAS for Mr. Brink's active-duty federal income taxes." (Doc. 11, at 9). This error is the center of Plaintiffs' claim: Plaintiffs' position is that because the amount withheld but never remitted to the IRS was never used to pay the tax Plaintiffs owed but was also never returned to them, Defendant owes them that amount. Defendant's position is that Plaintiffs did receive that amount, meaning they did not make an overpayment to the IRS and are not eligible for a refund.

Plaintiffs argue that despite the withholding and remittance error by DFAS, the IRS should lawfully have sought any additional tax owing from DFAS, the employer, not Brink, the employee. (Doc. 14, at 7). "Once net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the IRS has recourse only against the employer for their payment." *Slodov v. United States*, 436 U.S. 238, 243 (1978). This case cited by Plaintiffs arose from bankruptcy proceedings in which an individual controlling several corporations filing for bankruptcy was personally responsible for unpaid taxes which he had withheld from their employees but not paid to the IRS; the holding concerned the "willful failure" by those responsible individuals to remit what they knew their corporation owed and had already withheld. *Id.* at 238. A requirement for the IRS to impose such payment upon the employer is a determination that the "employer has been inexcusably delinquent." *Id.* at 244. This case, and

6

others like it, concern "trust fund taxes," nonpayment of which is demonstrated by "an intentional act to pay other creditors before the federal government." *Bell v. United States*, 355 F.3d 387, 393 (6th Cir. 2004).

Willful failure, inexcusable delinquency, or intentional payment of other creditors with Plaintiffs' withheld tax by DFAS is not present in this case. DFAS did not intentionally use Plaintiffs' funds for purposes other than paying federal income tax. It is undisputed by the parties that DFAS made a mistake in calculating the pay to which Brink was entitled, and this mistake is from what the incorrect remittance to the IRS sprung. The *Slodov* holding is therefore inapplicable.

Additionally, Plaintiffs cannot be successful in their pursuit of a refund from the IRS when they had already received, from the IRS and DFAS, the amount – or more – to which they were entitled. To be eligible for a refund, a taxpayer must have made an overpayment – that is, "pa[id] more money than is owed." *United States v. Dalm*, 494 U.S. 596, 609 n.6 (1990); *see also* 26 U.S.C. § 6402(a). According to the certified IRS transcript, Plaintiffs initially received a refund from the IRS of $13,100, plus a refundable credit to their account of $2,092, when they first filed their 2018 tax return. (Doc. 11-4, at 2). Plaintiffs admit to this credit and refund in the facts section of their Motion for Summary Judgment. (Doc. 14, at 4). They omit this payment in making their argument as to what the IRS currently owes them. Plaintiffs additionally received $9,437.93 (a net payment after tax deductions were made from a total $12,668.36) from DFAS in 2019. (Doc. 11-1, at 5). Though the affidavit from a DFAS representative does not explicitly state why it owed Plaintiffs this amount, Defendant argues it is the tax withheld by DFAS but never remitted to the IRS. (Doc. 11, at 8). This Court agrees this is likely, as the $26,825.95 actually withheld by DFAS for federal income tax less the $15,759 the IRS reported it actually received from DFAS is $11,066.95 – close enough to the $12,668.36 figure that Defendant's argument seems likely;

7

Plaintiffs' self-reported federal income tax withholding figure, $27,945, less the remitted $15,759, is $12,186, which is even closer. Plaintiffs admit to receiving this payment as well. (Doc. 14, at 5).

Plaintiffs received, therefore, a total of $22,537.93 from the IRS (as a refund before the DFAS error occurred and was flagged by the IRS) and from DFAS (after correction of their error). According to the certified IRS transcript, Plaintiffs had owed, and paid, $16,109.70. *See* Doc. 11-4. Plaintiffs cannot succeed on their claim for a refund of the $16,109.70 because they have already received in form of IRS refund and payment from DFAS more than their claim; they did not "pay more money than is owed." *Dalm*, 494 U.S. at 609 n.6. Defendant is correct that it does not currently owe Plaintiffs any additional sum and is entitled to summary judgment on this claim.

Plaintiffs argue in their Motion for Summary Judgment that if they are not entitled to $16,109.70, they are at minimum entitled to a refund of $2,766.71 for taxes on income not received in 2018. (Doc. 14, at 9). This appears to refer to the amount withheld by DFAS from the gross $12,668.36 payment, of which Plaintiffs received a net $9,437.93, in 2019. Defendant argues that to succeed on this claim, Plaintiffs would need to have brought a claim for a refund for 2019 taxes. (Doc. 16, at 5). Plaintiffs respond that this 2019 payment "supposedly was to correct the erroneous adjustments to Mr. Brink's 2018 pay." (Doc. 17, at 5).

It does not matter to which year this claim applies: whether it concerns 2018 taxes or 2019 taxes, a claim for a refund on taxes improperly withheld by DFAS from a payment it owed Plaintiffs was not included in Plaintiff's Complaint. *See* Doc. 1. Plaintiffs' Complaint sought "return of the $15,087, including interest and penalties," already arguably amended without leave by Plaintiff's change of that figure to $16,109.70 in their Motion for Summary Judgment, "assessed against and/or paid by Plaintiffs and erroneously and illegally collected by the IRS." *Id.*

8

at 6. Central to this claim was the argument that, though DFAS had in fact withheld the correct amount of federal income tax from Plaintiffs, it had wrongly neglected to remit that entire amount to the IRS. The Complaint did not include a claim for any tax *wrongly withheld* by DFAS. And Plaintiffs did not amend or seek leave to amend their Complaint. "At the summary judgment stage, a plaintiff may assert a new claim only by amending the complaint in accordance with Rule 15(a). *Avery v. Joint Twp. Dist. Mem'l Hosp.*, 504 F. Supp. 2d 248, 251 n.1 (N.D. Ohio 2007) (citing *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005)). The Court therefore denies summary judgment to Plaintiffs on this claim as well.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Summary Judgment (Doc. 11) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. 14), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2024